IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| MICHAEL MONROE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. **CV422-001** |
| | ) | |
| BLUE, INC., | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |
| _____ | ) | |

## COMPLAINT FOR DAMAGES

**COMES NOW**, Michael Monroe ("Plaintiff" or "Monroe"), by and through undersigned counsel, and files his Complaint showing the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for all damages available, punitive damages, and attorney fees for Defendant BLUE, INC.'s ("Defendant") violations of his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII") for: (1) religious discrimination; (2) failure to accommodate; and (3) retaliation.

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights).

3.

Venue is proper within this District because the unlawful practices complained of herein occurred within the Southern District of Georgia. Accordingly, venue lies in the United States District Court for the Southern District of Georgia under 28 U.S.C. § 1391(b) and 42 U.S.C. §2000(e)-5(f)(3).

4.

Plaintiff filed a charge of discrimination on the basis of (1) religious discrimination; (2) failure to accommodate; and (3) retaliation against Defendant with the Equal Employment Opportunity Commission ("EEOC") on October 14, 2021. The EEOC notified Plaintiff of his right to institute this action by issuance of a "Notice of Right to Sue", which was mailed to Plaintiff on October 28, 2021 (attached as Exhibit "1").

5.

Plaintiff has complied fully with all administrative prerequisites.

## PARTIES

6.

Plaintiff is an "employee" within the meaning of 42 U.S.C. § 2000e(f). Plaintiff was employed by Defendant until his termination on June 6, 2021. Plaintiff submits himself to the jurisdiction of this Court.

7.

Defendant BLUE, INC. is a domestic for-profit corporation licensed to do business under the laws of the State of Georgia. Defendant may be served with process by delivering a copy of the Summons and Complaint to its registered agent, Tina Galbreath, 23754 GA Highway 144, Richmond Hill, GA 31324.

8.

Defendant is now, and at all times relevant hereto, has been an employer engaged in an industry affecting commerce within the meaning of §701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h), and has employed more than the requisite number of persons for the requisite duration under Title VII.

## FACTUAL ALLEGATIONS

9.

Plaintiff worked for Defendants as a Truck Driver from February 1, 2021.

10.

Sometime after his hire, but prior to his termination, Plaintiff made known to Defendant that he is a member of the Nation of Yahweh.

11.

As part of his sincerely held religious beliefs and conviction, Plaintiff was required to attend the Feast of Weeks at the end of May and beginning of June, which was held in Houston, Texas.

12.

Plaintiff told Defendant's owner, Dusty Galbreath, of his required observance and the required travel time and days off that he was required to attend.

13.

Plaintiff provided Mr. Galbreath the dates of the Feast on May 9, 2021.

14.

The actual feast day of the Feast of Weeks was from Friday May 28 through Thursday June 3, 2021.

15.

On or about May 9, 2021, Defendant agreed to accommodate Plaintiff's religious beliefs and approved the leave request to attend the Feast of Weeks, including travel days on Thursday May 27, 2021 and on Friday June 4, 2021.

16.

Defendant did not raise any issues with Plaintiff's request at any time.

17.

Mr. Galbreath approved Plaintiff's leave request, including a travel day before (Thursday May 27, 2021) and a travel day after the Feast (Friday June 4, 2021).

18.

Plaintiff worked ½ a day on his departure travel day on Thursday May 27, 2021.

19.

Plaintiff attended the Feast of Weeks from Friday May 28 through Thursday June 3, 2021.

20.

Plaintiff was not scheduled to work on the weekend of Saturday June 5, 2021 and Sunday June 6, 2021.

21.

Plaintiff texted Mr. Galbreath on Sunday June 6, 2021 that he was back and would be ready for work in the morning on Monday June 7, 2021.

22.

Mr. Galbreath informed Plaintiff on June 6, 2021 that he had been terminated, stating via text message that:

> "With all due respect I have no position for you. You left Thursday morning unannounced and I never heard a word Thursday or Friday.

Your vacation was from 31-6 you left on the 27th and 28th with no permission or letting anyone know you were leaving I figured you had quit. If something comes up I'll let you know. Thanks".

23.

Defendant alleges as its non-discriminatory reason for termination that it had approved Plaintiff's time off, but that Plaintiff did not show up for his scheduled work shifts two (2) days prior to and two (2) days after his scheduled time off.

24.

Defendant alleges that it terminated Plaintiff for missing these four (4) scheduled workdays without notifying Defendant and without calling in.

25.

In reality, Defendant terminated Plaintiff because of his religion, his request for accommodation of leave to attend the Feast of Weeks, and in retaliation.

## CLAIMS FOR RELIEF

### COUNT I: TITLE VII
### Religious Discrimination – Disparate Treatment - Pretext

26.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

27.

Defendant engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)(j), as amended, by engaging in intentional discrimination against Plaintiff on account of his religion.

28.

Specifically, Defendant intentionally discriminated against Plaintiff by pretextually terminating him because of his religion including his sincerely held religious belief requiring his attendance at the Feast of Weeks.

29.

Defendant made up the reason for termination, that it had approved Plaintiff's time off, but that Plaintiff did not show up for his scheduled work shifts two (2) days prior to and two (2) days after his scheduled time off.

30.

In fact, Defendant had told Plaintiff that his accommodation leave request had been approved, including a travel day before (Thursday May 27, 2021) and a travel day after the Feast of Weeks (Friday June 4, 2021), and then after Plaintiff left Defendant allegedly withdrew that permission and terminated Plaintiff for doing what they explicitly told him that he could do – attend the Feast of Weeks.

31.

The effect of Defendant's discrimination was to deprive Plaintiff of equal employment opportunities, including, but not limited to, causing termination of his employment, and otherwise adversely affecting his status as an employee because of his religion and sincerely held religious beliefs in violation of Title VII.

32.

By discriminating against Plaintiff in violation of Title VII, Defendant caused Plaintiff pecuniary losses as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## COUNT II: TITLE VII
### Religious Discrimination – Disparate Treatment - Failure to Accommodate

33.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

34.

Defendant engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)(j), as amended, by engaging in intentional discrimination against Plaintiff on account of his religion.

35.

Specifically, Defendant failed to reasonably accommodate Plaintiff's sincerely held religious belief by failing to engage with Plaintiff in the required process and by failing to allow Plaintiff the leave that he requested, and the leave that they had approved, so that he could attend the Feast of Weeks.

36.

Defendant could have reasonably accommodated Plaintiff's religious beliefs without any undue hardship.

37.

Defendant withdrew its accommodation of the leave without notifying Plaintiff and failed to engage in the required process and then terminated him.

38.

The effect of Defendant's failure to accommodate Plaintiff was to deprive him of equal employment opportunities, including, but not limited to, causing the termination of his employment, and otherwise adversely affecting his status as an employee because of his religion in violation of Title VII.

39.

Defendant acted with malice and reckless indifference to Plaintiff's federally protected rights.

40.

By failing or refusing to accommodate Plaintiff's sincerely held religious belief, Defendant has caused Plaintiff pecuniary losses as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## COUNT III – TITLE VII Retaliation

41.

Plaintiff realleges the preceding paragraphs as if set forth fully herein.

42.

The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from engaging in protected activity of requesting an accommodation.

43.

There was a causal connection between the protected conduct of requesting an accommodation and the adverse action of termination.

44.

As a direct and proximate result of Defendants' violations, Plaintiff has suffered economic and non-pecuniary damages.

45.

Defendants willfully and wantonly disregarded Plaintiff's rights, and their actions toward Plaintiff were undertaken in bad faith.

46.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and other relief available under the law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A.  General damages for mental and emotional suffering;

B.  Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, and reckless indifference including ratification, condonation and approval;

C.  Special damages for lost wages and benefits and prejudgment interest;

D.  Reasonable attorney's fees and expenses of litigation;

E.  Trial by jury as to all issues;

F.  Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein;

G.  All other relief to which he may be entitled.

Respectfully submitted the 6th day of January, 2022.

**CHARLES HERMAN LAW**

/s/ Charles Herman
Charles Herman
Georgia Bar No. 142852
*Attorney for Michael Monroe*

7 East Congress Street, Suite 611A
Savannah, Georgia 31401
(912) 244-3999
(912) 257-7301 Facsimile
charles@charleshermanlaw.com